IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DANIEL LUIS LOPEZ, § | | |
| TDCJ No. 02297522, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | W-20-CV-1081-ADA | |
| § | | |
| BOBBY LUMPKIN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## ORDER

Before the Court are Petitioner James Daniel Luis Lopez's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent's Response (ECF No. 11). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner's federal habeas corpus petition should be denied under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

## I. Background

In August 2019, Petitioner was charged by indictment with one count of possession of a controlled substance with intent to deliver, namely methamphetamine, in an amount greater than 400 grams, and one count of evading arrest with a deadly weapon, to wit a motor vehicle. The indictment also contained an enhancement paragraph stating that, on June 11, 2013, Petitioner had been convicted of possession of a controlled substance, namely methamphetamine, with intent to deliver in a drug-free zone. (ECF No. 12-2 at

1

31-32.) On December 9, 2019, and pursuant to a plea agreement, Petitioner pled guilty to both charges and was sentenced to thirty years imprisonment for count one and twenty years imprisonment on count two, to run concurrently. *State v. Lopez*, No. 2019-1252-C2 (54th Dist. Ct., McLennan Cnty., Tex. Dec. 9, 2019). (ECF No. 12-2 at 42-45.) Petitioner did not file a direct appeal, a Petition for Discretionary Review with the Texas Court of Criminal Appeals (TCCA), or a Petition for Writ of Certiorari with the United States Supreme Court. (ECF No. 1 at 3.)

On October 16, 2020, Petitioner filed his state habeas corpus application, listing the following ground of relief:

1. The indictment states the offense occurred on October 10, 2016, but Petitioner was in prison at the Luther Unit on that date, and therefore could not have committed the crime.

(ECF No. 12-2 at 9.) On November 12, 2020, the state habeas court recommended denying the application. (*Id.* at 2.) On December 12, 2020, the TCCA denied Petitioner's application without written order. (ECF No. 12-1.)

On November 24, 2020, Petitioner filed his federal petition for a writ of habeas corpus, listing the following two grounds of relief:

1. The date on the indictment states Petitioner committed the crime on October 10, 2016, but this is impossible because Petitioner was in prison on that date. Petitioner could not have committed the crime and only plead guilty under duress of suffering greater penalties if he proceeded to trial.

2. Petitioner's Eight Amendment rights are being violated because he is living with offenders who are sick with COVID-19 and TDCJ does not use proper personal protective equipment or social distancing measures to protect the inmates.

(ECF No. 1.) On March 29, 2021, Respondent filed their response. (ECF No. 11.) Petitioner has not filed a reply.

2

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by AEDPA. *See* 28 U.S.C. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This demanding standard stops just short of imposing a complete bar on federal court re-litigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness always should be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Richter*, 562 U.S. at 102. A petitioner must show that the state court's decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

3

correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). As a result, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011). "'If this standard is difficult to meet—and it is—that is because it was meant to be.'" *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018) (quoting *Burt v. Titlow*, 571 U.S. 12, 20 (2013)).

### III. Analysis

1. Petitioner's Guilty Plea and Defective Indictment

Petitioner attacks his guilty plea by arguing it is invalid based on a defective indictment. It is axiomatic that a guilty plea is valid only if entered into voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "'real notice of the true nature of the charge against him.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina*

4

v. *Alford*, 400 U.S. 25, 31 (1970)); *United States v. Juarez*, 672 F.3d 381, 385-86 (5th Cir. 2012).

The voluntariness of Petitioner's guilty plea is demonstrated by his signature on the document entitled "Waiver of Jury Trial/Stipulation of Evidence and Judicial Confession/Felony Plea of Guilty." (ECF No. 12-2 at 36-38). The agreement shows that Petitioner was represented by counsel and includes the following judicial confession:

> With full understanding of the consequences, and having fully waived my Federal and State Constitutional rights against self-incrimination, under oath I agree and stipulate that the following facts constitute evidence in this case. I, DANIEL LUIS LOPEZ, am pleading GUILTY because I am GUILTY of and JUDICIALLY CONFESS to the offense of POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER, TO-WIT: METHAMPHETAMINE - COUNT I, in violation of §481.112, Texas Controlled Substances Act, a 1st degree felony and EVADING ARREST OR DETENTION WITH A VEHICLE (ENHANCED) - COUNT II, in violation of §38.04, Texas Penal Code, a 3rd degree felony Enhanced to a 2nd degree felony, and all lesser included offenses thereof, exactly as alleged in the Indictment, or any modifications or amendments thereto. I stipulate that this offense was committed in McLennan County, Texas on 26th day of July, 2018. I stipulate that *I did then and there knowingly possess, with intent to deliver, a controlled substance, namely methamphetamine, in an amount of 400 grams or more,*
>
> COUNT II
> *And I further stipulate in and to said Court that in the County of McLennan and State aforesaid on or about the 26th day of July, 2018, I did then and there, while using a vehicle, intentionally flee from DON MCANEAR or MONICA MONTOYA or MICHAEL BUCHER, a person I knew was a peace officer who was attempting lawfully to arrest or detain me.*
>
> *And I further stipulate that the paragraphs in the Indictment or Information alleging prior convictions for the purpose of enhancing punishment are TRUE, unless such paragraph or paragraphs are waived in Open Court by the State of Texas,*
>
> Against the Peace and Dignity of the State.

(*Id.* at 37.) Petitioner signed the plea agreement as Petitioner's trial counsel, Mr. Michael Dahlenburg, who signed the following statement:

> I, MICHAEL DAHLENBURG, have consulted with DANIEL LUIS LOPEZ, Defendant, concerning the charge of POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER, TO-WIT: METHAMPHETAMINE - COUNT I, in violation of §481.112, Texas Controlled Substances Act, a 1st degree felony and EVADING ARREST OR DETENTION WITH A VEHICLE (ENHANCED) – COUNT II, in violation of §38.04, Texas Penal Code, a 3rd degree felony Enhanced to a 2nd degree felony, against him, his plea and the consequences thereof, and have advised him of all of his rights. I believe DANIEL LUIS LOPEZ to be competent. I approve and agree to the all waivers, agreements and statements of DANIEL LUIS LOPEZ contained herein. I specifically agree and consent to the waiver of indictment if prosecution is by information, the waiver of defects in the Indictment, the agreement to stipulate testimony, the waiver of additional time for arraignment or 10 days to prepare for trial, the waiver of arraignment, and the waiver of jury trial. I ask the court to accept all Waivers and Agreements. I announce ready for trial and enter Defendant's plea of GUILTY before the Court.

(*Id.* at 38.) The trial judge and Assistant Criminal District Attorney also signed the plea agreement. (*Id.*)

Petitioner's signature on the plea agreement is prima facie proof of the validity of the plea, *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994), and is entitled to "great evidentiary weight," *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013).

Petitioner claims the indictment is invalid because he was in prison on the date stated on the indictment—October 10, 2016—and therefore could not have committed

6

the offense. The sufficiency of a state indictment is not a matter for federal habeas review unless the indictment is so defective that the convicting court lacked jurisdiction. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). Further, a federal court need not address the issue if the state courts have found the indictment sufficient under state law. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). By denying Petitioner's state application for habeas relief, the TCCA "'necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.'" *Id.* (quoting *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985)). Federal courts "will not review a state court's interpretation of its own state law in a federal habeas corpus proceeding" and do not "sit as a 'super' state supreme court in such a proceeding to review errors under state law." *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) (quoting *Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970).

Although the indictment listed a different date, Petitioner confessed that the committed both crimes on July 26, 2018. Further, the TCCA found that the indictment was sufficient to confer jurisdiction on the state trial court, and thus the sufficiency of the indictment is not a matter for federal habeas review. This claim is denied.

2. Eighth Amendment Claim

Petitioner next claims that his current confinement violates his Eighth Amendment rights because he is being confined with other prisoners infected with COVID-19 and his prison unit is not employing proper social distancing measures or providing him with personal protective equipment.

The "sole function" of a habeas petition is to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). "If 'a favorable determination . . . would not automatically entitle [Petitioner] to accelerated release,' . . . the proper vehicle is a [42 U.S.C.] § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

If the Court resolves Petitioner's conditions-of-confinement claims in his favor, it will not result in his accelerated release from prison. Consequently, the Court finds that this claim is not cognizable under § 2254, and therefore must be dismissed for lack of subject-matter jurisdiction.

## IV. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus (ECF No. 1) is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that no certificate of appealability will issue in this case.

SIGNED this 27th day of January, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE